PAULINE WOODS (PARRISH) *v.* JAMES
E. BARBER AS ADMINISTRATOR OF THE ESTATE
OF S. W. WOODS, DECEASED

73-189                           504 S.W. 2d 355

Opinion delivered January 28, 1974

*Lee Ward,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker,* for appellee.

LYLE BROWN, Justice. Appellant is the widow of S. W. Woods, who died intestate. Appellee is the duly qualified administrator of the estate of the deceased. The administrator filed his petition for final distribution and discharge. Among the listed disbursements was the payment of $7569.57 to the Mercantile Bank of Jonesboro. The widow filed an objection to the payment on the ground that no claim had been filed thereon, nor was any effort to foreclose any lien filed. The widow asked that the administrator be required to reimburse the estate in the amount of the payment to the bank. A hearing was conducted thereon and the probate court approved the payment "as payment of a proper debt against the estate to the bank secured by a lien on crops and equipment". On appeal it is contended that the debt should not have been paid in the absence of the filing of a claim or any effort to foreclose the lien held by the bank. It should be noted that the bank is not a party to this case.

The record shows that the administrator was authorized to continue the decedent's farming operation. In connection therewith he borrowed from the bank under a security agreement, and with the approval of the probate court, an additional sum of $6480 (in addition to what Woods owed at the time of his death) to continue the farming business. Of course in the sale of the crops the bank's security interest became liquidated. The only thing left for the bank to do under those circumstances was to apply the proceeds, so far as necessary, to the satisfaction of its security interest and to release the balance thereof to the personal representative pursuant to Ark. Stat. Ann. § 62-2609 (b) (Repl. 1967). Under the circumstances the filing of a claim by the bank or any other legal proceeding was unnecessary.

While the witnesses spoke of payment of the debt, the practical effect was the same as if the bank had liquidated the security interest pursuant to § 62-2609 (b) and turned over the excess of the proceeds to the personal representative. Consequently the trial court correctly absolved the administrator of any liability.

Affirmed.

HARRIS, C.J., not participating.